82,778-01

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

OCT 09 2014

TIME_____

BY_____ DEPUTY

NO.C-396-010272-1152016-A

§     IN THE 396th JUDICIAL
§
§
§     DISTRICT COURT OF
§
DESMOND LEDET                    §     TARRANT COUNTY, TX

## APPLICANT'S(DESMOND LEDET) MOTION TO COMPEL THE STATE TO PRO-DUCE FOR HABEAS CORPUS REVIEW THE ENTIRE CONVICTION RECORD(MIS-DEMEANOR,FELONY,JUVENILE, AND ADULT) OF MELVINNA W. LEE FOR THE RESOLUTION OF APPLICANT'S PRESENTLY UNRESOLVED HABEAS CORPUS GROUNDS #27, #28, & #29.

TO THE HONORABLE ABOVE SAID COURT:

The Applicant, Desmond Ledet, humbly and respectfully ask the court to compel discovery from the State of Melvinna W. Lee's entire conviction record(misdemeanor,felony/juvenile, & adult). **Until the entire record is before the "FACT FINDER" it will be impossible to resolve Applicant's** present habeas Grounds #27-29. It will be **impossible** for the "FACT FINDER" to hand down complete findings of fact. It will also be **impossible** for the Applicant to **prepare proposed findings of fact and conclusions of law in respect of the above said grounds, which in turn will** put **the Applicant at an unfair disadvantage and deprive him of a full and fair hearing in state court.** The Applicant must be allowed to review the conviction record in order to advance objections if need be, and of course to propose findings.

The above said grounds and exhibits(police report's, public information request refusal) cited and attached to Applicant's writ prove that the State at trial solicited false information from it's witness, and repeatedly argued falsely, before the jury that **LEE** had never ever been convicted of **"ANYTHING"** while pursuading the jury to find her more credible than **the Applicant.**

PAGE 1 OF 13 PAGES (MOTION TO COMPEL)

As will be shown below, the present documents already submitted in to the habeas corpus record by the Applicant clearly reveal that a substantial amount of LEE's conviction record exist that is still secreted from the habeas record.

## ARGUMENT AND AUTHORITIES

The purpose of discovery is to seek the truth, **so disputes may be decided by what the facts reveal, not by what facts are concealed.** Axelson, Inc. v. McIlhany, 798 S.W. 2d 550, 555(Tex. 1990). This honorable Court is authorized to compel the State to produce LEE's entire conviction record in this matter since this Court is the "original factfinder". Ex parte Reed, 271 S.W . 3d 698, 727(2008). Summarizing the authority of the original factfinder in regards to this writ(and all writs)of habeas corpus filed under Tex.Code of Crim.Proc., Art.11.07 the Court of Criminal Appeals explained that:

> "the judge is the **collector of the evidence,** the organizer of the materials, the decisionmaker as to what live testimony may be necessary, **the factfinder who resolves disputed fact issues,** the judge who applies the law to the facts, enters specific findings of fact and conclusions of law, and may make a specific recommendation to grant or deny relief."

Ex parte Reed, 271 S.W. 3d at 727.

Article 11.07 (3)(d) of the Texas Code of Crim.Proc. enti-tles this Court or the attorney or magistrate appointed by this honorable Court to hold hearings and make findings of fact, to take all of the necessary actions to find the facts.

Discovery may be obtained about any matter relevant to the case. Tex.R.Civ.P.192.3(a). A trial court may **compel** a party to respond to discovery of LEE's conviction history.

**PAGE 2 (MOTION TO COMPEL)**

The request laid out in this motion to compel is not unduly burdensome, harassing or annoying, and requested records are definately in the State's possession.

### THE REQUESTED RECORDS ARE MATERIAL TO THE LEGALITY
### OF APPLICANT'S CONFINEMENT

In short Applicant contended in the grounds related to this motion to compel that the State through it's prosecutor's at the Applicant's trial blatantly lied to the jury by misinforming the jury that the the complainant had **never been convicted of any-thing.** Applicant has pointed out in those grounds that these repeated lies to the jury bolstered the complainant's credibility with false information because post-trial a private investi-gator uncovered records that establish that the complainant had multiple convictions prior to trial. Applicant also has made it clear that only small portions of records were turned over in re-sponse to that public information request.**(See Exhibit P in the Appendix of Applicant's Memorandum attached to his 11.07 writ Application.).** See Exhibit P at p.1 **(City Of Fort Worth):**

> "...the City asserts that it must withhold all reports, if any, involving the specified individual, other than in a capacity as a witness, victim or reporting person."

**THE CITY REFUSED DISCLOSURE OF CRIMINAL HISTORY, CONVICTION RE-CORDS, ETC. AND ONLY RELEASED RECORDS IN WHICH MELVINNA LEE WAS THE WITNESS, VICTIM, OR REPORTING PERSON.** IT WAS IN THOSE REC-ORDS, UNBEKNOWST TO THE CITY, T H A T     T H E     A P P L I C A - N T     D I S C O V E R E D     A     M U L T I T U D E     O F     E V I - D E N C E     L E E     H A D     M A N Y     C O N V I C T I O N S.

The city of Arlington also released Arlington Incident Report (NO.08-65771) in which **LEE was taken into custody** from home on

**PAGE 3 (MOTION TO COMPEL)**

8 warrants in all on misdemeanors out of Arlington and Fortworth . The last narrative page of that report says that Warrant # 0003349163 is for a **"SUBSEQUENT CONVICTION"**. The term convict-o ion is self explanatory. The word "SUBSEQUENT" means that LEE has prior **convictions that are not in that report. WHAT ARE THEY** ? WHAT'S THE CASE NUMBERS? OUT OF WHAT CITY? Raised in the 11.07 Application on p.14V-15V &14W-15W & 14x-15X. that report is in the memorandum's Appendix attached to Applicant's habeas Application.

As far as the limited records released from Fort Worth they are mostly police reports that Melvinna Lee was making against different men(similar to her accusations against Applicant) in the past. Applicant presents some of them as BRADY violations in other grounds because the investigators repeatedly found out that LEE was making false police reports against men simply be- cause she was mad at them(Grounds #30-#32, not relevant to this motion), the State failed at it's duty under BRADY/KYLES to turn over that impeachment evidence to Applicant.(not relevant here).

WHAT IS RELEVANT IS THAT **IN TWO OF THOSE FORT WORTH REPORTS IT REVEALS THAT LEE HAS OTHER CONVICTIONS FROM HER PAST STILL SECRETED FROM HABEAS REVIEW AT THIS TIME. IN ONE OF THEM LEE ENDS UP GETTING ARRESTED AND GOES TO JAIL.** Fort Worth Offense Report(Service No.02280218)(Date:04/19/02)(8 years before Appli- cant's trial) indicates twice that Melvinna Lee **"HAS A CRIMINAL RECORD"** which includes **"RESISTING ARREST"** & **"FAILURE TO IDEN- TIFY TRUTHFULLY"**(Tarrant County Jail records reflect the same, and certain printouts revealed that these convictions were some

that she ran from that ended up being warrants for a while until she was finally arrested again.)(also a THEFT BY CHECK shows up) . All crimes of moral turpitude. Fort Worth Report #02280218( cited above) alone calls for the release of LEE's conviction history in this habeas matter. That report is also in the Appendix of the Memorandum filed along with the 11.07 Application, first **cited on** p.15V in Ground #27, and cited for Grounds #27-29 . **ALL OF THOSE CONVICTION RECORDS MUST NOW BE EXPOSED OR THE FACT FINDING WILL BE INCOMPLETE, AND FATALLY FLAWED.**

There is much more. LEE is making another report the investigators determined was false(just like the one above),**WHEN SHE AGAIN IS ARRESTED, WHILE MAKING THE REPORT.** This one is also in the present writ filed by the Applicant in the Memorandum's Appendix(all reports in that Appendix are listed by actual report #) It is Fort Worth Offense Report(Service No.02295202)(Date:04/ 19/02)(also about 8 years **before Applicant's trial**). In this report she is **TAKEN TO JAIL ON 7 CAPIAS WARRANTS & 2 GENERAL COMPLAINT WARRANTS** FOR A TOTAL OF $3,234.25. These resulted in misdemeanor convictions as a matter of fact. **ALL OF THESE REC-ORDS,STILL IN THE STATES CUSTODY,ARE MATERIAL TO APPLICANT'S PRESENT GROUNDS.** Overall the records show that LEE is the type of person that lies to police and judges freely and has made numerous promises to pay fines,etc. ultimately failing to do so most of her life. Instead she builds up warrants waiting to get caught and accepts the convictions simply sitting them out in jail obtaining time served on the fines. This is her style. A documented habit exposing the misconduct of the State at trial.

**PAGE 5 (MOTION TO COMPEL)**

There is more. Exhibit P also reveals that there is more the State is hiding **in** reference to LEE'S conviction record. Exhibit P can also be found attached to a motion for a **live evidentiary hearing in this matter** **filed along with this motion entitled:**

> "APPLICANT'S SUBSEQUENT REQUEST FOR A 'FULL AND FAIR' LIVE EVIDENTIARY HEARING; SPECIFICALLY IN THIS PARTICULAR RE-QUEST TO RESOLVE PREVIOUSLY UNRESOLVED FACTS, AND TO DE-VELOP THE FACTS IN STATE COURT, WHICH ARE MATERIAL TO THE LEGALITY OF APPLICANT'S CONFINEMENT AS THOSE FACTS PER-TAIN TO HIS PRESENT GROUNDS #27-29"

Please see Exhibit "P" attached to that motion or view it in the memorandum's Appendix attached to the 11.07 Application. As already noted on the **third page of** this motion, page 1 of Ex. "P" makes it clear that the conviction record is still se-creted. Although Ex. "P" uses the "if any" language(if any exist ) when refering to LEE's conviction record and the refusal to disclose it, we have already seen in this motion, as well as in the 11.07 Application that LEE has multiple convictions still undisclosed, **while some,on the other hand,are already exposed.**

On page 2 of Exhibit "P" the City of Fort Worth indicates that it refused to disclose records pertaining to an **"abuse and neglect of a child."** On p. 3 of Ex. "P" the Assistant City At-torney asserts:

> "Witnesses reported the conduct to the Fort Worth Police De-partment in accordance with Section 261.103(a)(1) of the Texas Familly Code. The City asserts that these allegations describe an incident of abuse or neglect of the child. See TEX.FAM.CODE ANN §§ 261.001(1),(4)(West 2011)(defining abuse as "physical injury that results in substantial harm to the child, or genuine threat of substantial harm from physical injury to the child,...sexual conduct harmful to a child's mental, emotional, or physical welfare, including conduct that constitutes the offense of ...indecency with a child under 21.11, Penal Code, [or] sexual assault under 22.011,

**PAGE 6 (MOTION TO COMPEL)**

Penal Code,..."(defining neglect).

The result of that investigation/conviction of any sort must be added to the habeas record if it resulted in a conviction of any kind, guilty plea, etc.

There is more, Page 3-4 also indicates that possible juvenile convictions are being withheld. **IN ANY EVENT THE STATE INFORMED THE JURY SHE HAD NO CONVICTIONS AT ALL. THAT OF COURSE IN THE MINDS OF THE JURORS INCLUDED ALL CONVICTIONS. INCLUDING BUT NOT LIMITED TO MISDEMEANORS, FELONIES, ADULT, JUVENILE, AND VIOLATIONS OF THE FAMILY CODE ETC. , (ALL NOW RELEVANT & MATERIAL)**

Since the State told the jury she had no convictions, all of her convictions of any kind are now material to the legality of the Applicant's confinement. Specifically as laid out in the writ Application(p. 14V-15V) Tarrant County Assist.**Crim.D.A.** (imputed under law with knowledge of LEE's conviction history( (whether misdemeanor, felony, etc.) **TIMOTHY CHOY, lied to the jury straight faced in opening arguments telling them:**

> "...Melvinna has no convictions for drug possession, drug delivery, prostitution, **S H E   H A S   N O   C O N - V I C T I O N S   A T   A L L.**"

> at volume 6 Reporter's Record, p.7 lines 19-21. (a copy of v.6 RR is in the Appendix of the 11.07 writ Appli. Memorandum .)

**This is a severe DUE PROCESS VIOLATION MAKING THE TRIAL FUNDA-** MENTALLY UNFAIR.

D.A. Choy had told this lie while making a credibility comparison with the Applicant. He went on to argue to the jury:

> "Now,on the other hand, the Defendant, he's been popped for stealing a car, possessing crack cocaine, and lying to the

cops about who he is.  **Id. at  lines** 22-24.

D.A. Choy's first words to **the jury prior** to making this false credibility comparison at the outset of this argument was:

> **"Members of the jury, you are the JUDGES OF THE CREDIBILITY of all the witnesses that take the stand.** Id at p.4 lines 25-p.5 line  2.

D.A. Choy's credibility argument eventually led to the lie in the record bringing his own credibility under the microscope as an agent of the State.  This motion to compel must be granted with all due respect to this honorable court.

This lie definately made even LEE's misdemeanor warrants/convictions material.  See <u>Lopez v. State</u>, 990 S.W. 2d 770, 779( Tex.App.—Austin 1999,no pet.)(misdemeanor bail jumping was admissible as offense of moral turpitude as it involves deceit and deception.).  LEE's already exposed,as well as secreted record is full of such convictions. **ALL THE ABOVE IS GROUND #27**

-------------------------------

During the actual trial D.A. Choy, asked it's witness(Detective Obrien) in the presence of the jury: **"Has she been convicted of ANYTHING?** he responded: **"Not that I saw."** after first claiming before the jury that he ran a check on LEE.  This took place during the guilt/innocence phase. Whether D.A. Choy and Detective Obrien conspired to obtain an illegal conviction based on false and misleading information, or the lies were the product of a shoddy trial preparation on behalf of the State, inadvertence, and oversight, the probability of a different outcome in this he-say-she-say trial is high had the jury been informed of the truth that LEE's record was not flawless as

portrayed by the State. This is a factor the State was well aware of in this trial and the 2nd District Court of Appeals also made it clear on direct appeal in their opinion that: **"As Appellant points out, the jury had to DECIDE WHETHER THEY BELIEVED APPELLANT'S TESTIMONY OR THE COMPLAINANT'S".** <u>Desmond Ledet v. State, No.02-10-00281-CR, at \*11(Tex.App.—Fort Worth, May 2, 2013)(unpublished, slip Op.)</u>**(now Exhibit "H" in the writ Application's Memorandum's Appendix).** WHICH EMPHASIZES THE MATERIALITY OF LEE'S TRUE CONVICTION RECORD AND THE NEED TO <u>**GRANT THIS MOTION TO COMPEL**</u> **THE STATE TO TURN OVER LEE'S TRUE CONVICTION RECORD IN IT'S COMPLETE ENTIRETY TO RESOLVE THESE HABEAS CORPUS GROUNDS.** It's been long recognized that the jury's determination of the credibility of the witnesses can make the difference between guilt or innocence. Applicant and LEE both took the stand with conflicting testimony. The above solicitation of false and misleading evidence by D.A. Choy is in the writ as Applicant's **GROUND #29.**

---

There is more. Finally at the very end of the State's closing argument, a different assistant D.A.(Paige McCormick),told the same exact lie again to the jury. Seconds before they retired for deliberations. She argues: **"SHE HAD <u>NO</u> CONVICTIONS, no arrest for drugs, no arrest for prostitution."** v.6 RR, p.22 lines 22-23. **THIS IS GROUND #28 THE PRESENT 11.07 APPLICATION.**

---

Compelling the production of LEE's conviction history will prevent the **Court(FACT-FINDER)** from adopting facts proposed by

**PAGE 9 (MOTION TO COMPEL)**

the State concerning **LEE's** conviction history that very **well** could subsequently turn out to be incomplete, false,or misleading. Surely, the record of every conviction of LEE's that is now before the **Applicant**,should be included in the State's production of LEE's conviction history(misdemeanor,felony,etc.). As shown,that definately does not only include Fort Worth records.

------------------------

   **GRANTING THIS MOTION TO COMPEL** is the step that aids the Court(HABEAS CORPUS FACTFINDER) to scrutinize the State's proposed findings, as well as the Applicant's, and resolve this matter with honor and impeccable precision. See Ex parte Reed, 271 S. W. 3d 698,729(Tex.Crim.App.2008)("the trial judge as a neutral arbiter should have more carefully **scrutinized the State's proposed findings ...**" Respectfully, the only way to exercise the level of scutiny required by the **CCA** is by way of a critical examination of her complete conviction record under the microscope of the trained eye. **THIS MOTION SHOULD BE GRANTED.**

**PRAYER**

   Often times motions and request, drafted by the accused, regardless of how justified they may be, get looked over,not taken seriously, and rarely even get a ruling. While the State is often able to be heard regardless of how severely they may have violated the State and Federal Constitution. My(Applicant) humble and respectful prayer is that this honorable Court will take this motion seriously and **GRANT IT** so that these habeas

**PAGE 10 (MOTION TO COMPEL)**

corpus proceedings before the Court will not be just another meaningless ritual. The Applicant may not have used all the right terminology or cited all the right law, please construe this motion liberally and **GRANT IT**; Please set a reasonable time in which the State is to turn over LEE's full conviction history as is satisfactory to this honorable Court; And please allow the humble Applicant to review that record himself, so that he himself can have the same fair chance as the State who already has the record, to tender proposed findings of fact and conclusions of law in regard to Applicant's Grounds **#27-#29**.; Applicant further prays that beyond compelling the State to turn over LEE's conviction record(misdemeanor,felony,etc.) that this Court will take whatever action it deems it should to resolve these unresolved grounds effectively.

**RESPECTFULLY SUBMITTED,**

Desmond Ledet   #01651095
Telford Unit
3899 State Hwy.98
New Boston, TX. 75570

### CERTIFICATE OF SERVICE

I certify that the original and two copies of the foregoing motion have been hand delivered to the Tarrant County, TX Criminal District Clerk with instructions for the Clerk to file the original with the 396th Judicial District Court of Tarrant County, TX; and also with a further request for the Clerk to file one copy with the **appellate section of the Tarrant County District Attorney's Office**(401 W. Belknap, Fort Worth, TX 76196-

**PAGE 11 (MOTION TO COMPEL)**

0201).

_Desmond Ledet_

DESMOND LEDET

## UNSWORN DECLARATION

I, Desmond Ledet, TDCJ#01651095, am presently incarcerated at Telford Unit in Bowie County, Texas. I declare under penalty of perjury that the facts stated in this document are true and correct.

_Desmond Ledet_

DESMOND LEDET

NO.C-396-010272-1152016-A

EX PARTE                              §     IN THE 396th JUDICIAL
                                      §
                                      §     DISTRICT COURT OF
                                      §
DESMOND LEDET                         §     TARRANT COUNTY, TX


## ORDER

On this_____day of_____,20____, the

forgoing "APPLICANT'S(DESMOND LEDET) MOTION TO COMPEL THE STATE

TO PRODUCE FOR HABEAS CORPUS REVIEW THE ENTIRE CONVICTION REC-

ORD(MISDEMEANOR, FELONY, JUVENILE, AND ADULT) OF MELVINNA W.

LEE FOR THE RESOLUTION OF APPLICANT'S PRESENTLY UNRESOLVED HA-

BEAS CORPUS GROUNDS #27, #28, & #29" came on to be heard. The

Court is of the opinion that the motion should be:


   G R A N T E D                              D E N I E D

                    (Please circle one)



                         _____

                         JUDGE PRESIDING


PAGE 13 (MOTION TO COMPEL)          (ORDER PAGE)